UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:06-CV-205-R

GOLDIE M. MENSER, et al.                                              PLAINTIFFS

v.

ILLINOIS CENTRAL RAILROAD COMPANY, et al.                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Reconsider Order Granting Motion to Remand (Docket #35). Plaintiffs filed a response (#36), to which Defendants replied (#38). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion to Reconsider Order Granting Motion to Remand is DENIED.

**BACKGROUND**

This action arises out of the fatality of Deborah Kay Johnson following the November 22, 2005 collision of the all-terrain vehicle operated by Johnson and a train on the railroad bridge spanning Mayfield Creek. Plaintiffs originally filed their Complaint in the Ballard Circuit Court on November 21, 2006, against the Illinois Central Railroad Company ("ICRR") and Unknown Defendants. On December 11, 2006, ICRR removed the action to this Court under 28 U.S.C. § 1446 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On January 30, 2007, Plaintiffs filed their First Amended Complaint, substituting Defendants Stephen D. Doss and Charles A. Newton for the original Unknown Defendants.

Plaintiffs are both residents of Bardwell, Kentucky. Defendant ICRR is an Illinois corporation. Defendant Doss is a resident of Union City, Tennessee and Defendant Newton is a

resident of Clinton, Kentucky.

Plaintiffs filed their Motion to Remand on September 11, 2007, which this Court granted on December 12, 2007. Plaintiffs argued that the action be remanded because complete diversity of citizenship did not exist since Plaintiffs and Defendant Newton are all citizens of Kentucky. Defendants argued that Plaintiffs fraudulently joined Defendant Newton and that, because of the fraudulent joinder, the Court should retain federal jurisdiction.

The Court found that Newton was not fraudulently joined because it was not clear that there could be no recovery under state law or on the facts in view of the law. Resolving all disputed questions of fact and ambiguities of law in favor of Plaintiffs and all doubts regarding removal in favor of remand, the Court determined that there was a colorable basis for predicting that Plaintiffs may recover against Newton. Newton was the conductor of the train at the time the train collided with Johnson. Plaintiffs presented evidence that there was 2,916.35 feet of unobstructed vision to the point of impact; Defendants' expert stated that the train required approximately 1517 feet to stop once braking was initiated. Kim Johnson, Deborah Kay Johnson's daughter, witnessed the collision and testified that the train did not begin to stop until just after impact. While the Defendants presented evidence that Plaintiffs could not recover against Newton because he and Doss exercised ordinary care to prevent harm to Johnson by applying the brakes as soon as they realized people were on the track, the Court, referring to *Louisville & Nashville Railroad Company v. Bell*, 108 S.W. 335 (Ky. 1908), found that the circumstances provided some evidence that they saw her prior to that point. The Court also noted that Defendants did not indicate whether the train whistle was blown in an intermittent pattern in advance of the accident location for the crossing or for some other type of warning, and did not state the position of the train when the whistling ceased.

**STANDARD**

A court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

**DISCUSSION**

Defendants make three arguments in support of their Motion to Reconsider. First, Defendants argue that newly available evidence eliminates any colorable basis for predicting that Plaintiffs may recover against Defendant Newton. Second, Defendants contend that the Court's December 12, 2007 Order (#34) and Memorandum Opinion (#33) are premised on "inapposite authority." Third, Defendants state that reconsideration of the Court's December 12, 2007 Order is appropriate to prevent manifest injustice.

*1. Newly Acquired Evidence*

Defendants offer the affidavits of Doss and Newton, as well as a supplemental expert report by Gary Wolf, as "newly-available evidence." Under Rule 59(e), however, Defendants have not shown that this evidence "was previously unavailable." See *GenCorp*, 178 F.3d at 834. Defendnts' own testimony was available, and Wolf's initial report had been submitted by Defendants over a month before Plaintiffs filed their Motion to Remand. As such, Exhibits A, B, and C to Defendants'

Motion for Reconsideration do not constitute "newly discovered evidence" under FRCP 59(e), and therefore shall not be considered by the Court. *See id.*; *see also Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 394 (6th Cir. 2007) ("[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."); *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374 ("A motion under Rule 59(e) is not an opportunity to re-argue a case.").

Even assuming that the Court could consider these exhibits in this motion, the "new" facts presented would not persuade the Court to reconsider its previous judgment. Contrary to what Defendants state in their Motion to Reconsider, the Court's determination that a colorable basis existed for predicting that Plaintiffs may recover against Newton was based on more than the unexplained sounding of the subsequent, intermittent horn blasts and the unknown position of the train when the whistling ceased. Plaintiffs also presented evidence that Doss and Newton would have been capable of seeing Johnson in time to stop, and that the train did not begin to brake until just after impact. While this evidence does not fully satisfy Plaintiffs' burden of showing that the trainmen discovered Johnson's presence on the bridge in time to have stopped the train and by the exercise of ordinary care in using all available means could have avoided striking her, it does provide a colorable basis for predicting Plaintiffs may recover against Newton, resolving all disputed questions of fact and ambiguities of law in favor of Plaintiffs and all doubts regarding removal in favor of remand.

### *2. Clear Error of Law*

Defendants also argue that "[t]he Court's reliance on *Bell* is misplaced because that opinion has been rejected/superceded by later authority, improperly alters the issue of when the defendants'

4

duty of care arose, and cannot be applied to the unique facts presented herein."

In *Bell*, the defendant was appealing from a judgement for the plaintiff. 108 S.W. at 335. The plaintiff had sued for damages suffered when she jumped from a trestle in order to avoid an oncoming train. *Id.* She alleged that those in charge of the train saw her and could have avoided the incident by ordinary care on their part. *Id.* She presented evidence that the engineer was in the cab looking out down the track as he approached the trestle, that he had a view of the trestle 325 yards away, that the train could have been stopped in 150 to 200 yards, and that just before reaching the trestle, four or five sharp blasts of the whistle were blown as are usual for an alarm. *Id.* The defendant presented evidence that no one saw the plaintiff. *Id.* The jury found for the plaintiff. *Id.* Kentucky's court of last resort refused to disturb the jury's finding that the men in charge of the train saw the plaintiff in peril, and after seeing her failed to use ordinary care for her safety, stating that the facts presented by the plaintiff was "some evidence" that the railroad men saw her. *Id.* at 335-36.

*Bell* was cited by the same court the following year in *Creager's Administrator v. Illinois Central Railroad Company*, 121 S.W. 458 (Ky. 1909). In *Creager's*, the plaintiff appealed from a judgment for defendants upon a directed verdict. The plaintiff, administrator of the estate of D.B. Creager, sued the railroad company and engineer in charge of the train that collided with and killed the intestate. *Id.* at 458. At trial, the court determined that the plaintiff failed to present evidence that D.B. was seen on the track by either the engineer or fireman before the train struck him. *Id.* at 458-59. The court explained that defendants' negligence could not be presumed by evidence showing that there was enough unobstructed distance before the train struck D.B. so that the trainmen could have seen the him in time to stop the train. *Id.* at 459. The court differentiated

5

matter before it from *Bell*, stating that the facts presented in *Bell* furnished "some evidence that those in charge of the engines discovered the peril of the persons struck by the trains in time to have prevented, by the exercise of ordinary care, their injuries." *Id.* at 460; *see also Louisville & Nashville R.R. Co. v. Dooley's Adm'r*, 294 S.W. 810, 811 (Ky. 1927) (finding *Bell* did not apply because there was no proof that the defendant saw plaintiff in peril at all, much less in time to have avoided injury).

*Bell* has never been rejected or superceded by later authority, as Defendants assert. Both *Bell* and *Creager* are based on the same analysis, whether those in charge of the train actually saw the plaintiff in time to avoid injury by ordinary care and failed to do so. In *Bell*, a jury found that the evidence presented showed that defendants saw the plaintiff in peril and failed to use ordinary care for her safety. 108 S.W. at 335-36. In *Creager's*, the court found that the plaintiff had not presented sufficient evidence at trial of defendant's negligence.

Here, to succeed in proving negligence, Plaintiffs must show that the trainmen did see Johnson and her peril, and could have prevented her death by the exercise of ordinary care. To succeed in remanding the action to Ballard Circuit Court, the Plaintiffs only needed to show that it was not clear that there could be no recovery against Newton– that there was "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Based on the facts before the Court at the time of judgment, the Court properly found that there was arguably a reasonable basis for predicting that state law might impose liability against Newton.

In sum, there was no clear error of law in the Court's December 12, 2007 Order or Memorandum Opinion.

*3. Manifest Injustice*

Defendants state in their motion that reconsideration and amendment of the Court's December 12, 2007 Order is appropriate to prevent manifest injustice, but they do not include any argument in support of this contention in either their memorandum in support of their motion or in their reply in support of their motion. The Court does not find that any manifest injustice will result from remanding this matter to state court.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Reconsider Order Granting Motion to Remand is DENIED.